UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 07-70-GWU

INA MAY RISNER,                                                    PLAINTIFF,

VS.                          **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                        DEFENDANT.

## INTRODUCTION

The plaintiff, Ina May Risner, appeals the determination of the defendant Commissioner of Social Security, that Supplemental Security Income (SSI) overpayments made to her should be repaid.  Finding that the administrative decision is supported by substantial evidence, the court affirms the decision of the Commissioner.

## "WITHOUT FAULT"

The plaintiff argues that any recovery to be made should be waived by the administration, since her conduct has been "without fault" within the meaning of 42 U.S.C. Section 404(b).

The aforesaid section provides that:

In any case in which more than the correct amount of payment has been made, there shall be no adjustment of payments to, or recovery by the United States from, any person who is without fault if such adjustment or recovery would defeat the purpose of this title [42 U.S.C. Section 401 et seq.] or would be against equity and good

1

> conscience.    In making for purposes of this subsection any
> determination of whether any individual is without fault, the
> Commissioner of Social Security shall specifically take into account
> any physical, mental, educational, or linguistic limitation such
> individual may have (including any lack of facility with the English
> language).

The determination on this issue is based on subjective criteria, "all pertinent circumstances" including the persons' age, intelligence, education, and physical and mental condition.  30 CFR 404.507.  While the standard is not satisfied merely by establishing that the plaintiff did not act in bad faith, the focus is on the claimant's comprehension. 3 L. Ed. <u>Social Security Law and Practice</u>, Section 33.81. However, the burden of proving that the plaintiff is "without fault" is accorded to the plaintiff and a federal court must review the administrative decisions on those issues under the substantial evidence standard.  <u>Sierakowski v. Weinberger</u>, 504 F.2d (6th Cir. 1974).

## DISCUSSION

Mrs. Risner was awarded SSI in approximately 1995.  (Tr. 61). Subsequently, as a result of a medical malpractice settlement, she began to receive an annuity of $300.00 per month beginning in June, 2003.  (Tr. 64, 66).  She did not inform the defendant of this income until attending a semi-annual continuing disability review in December, 2003; at that time she also reported that her husband had earned the small sum of $19.62 in December, 2001.  (Tr. 67, 73).  As a result, her SSI checks were reduced in order to recoup the overpayment.  (Tr. 67).

2

The Administrative Law Judge (ALJ) found that Mrs. Risner was at fault for causing the overpayment, because she admitted at the hearing that she had received notice of the requirement to report any income received, and she had the education and intellectual ability to understand the requirement.  (Tr. 14).  In fact, the plaintiff, who completed the eighth grade and who can read and write (Tr. 61), said that it was "a possibility" she received notices but was not sure.  (Tr. 66-7).  Her argument at the administrative hearing was that she had been told by her attorney in the medical malpractice case that the settlement would have nothing to do with her disability check.  (Tr. 66).

As the Commissioner points out on appeal, no testimony or statement from this attorney was offered in evidence, even though he was an associate of the attorney representing the plaintiff.  (Tr. 62, 76).  In any event, although misinformation from an attorney tends to remove the "taint of bad faith," it does not necessarily establish freedom from fault under the regulations of the Social Security Administration (SSA).  Testimony was taken from an SSA employee, Kimberly Thompson, that it is agency practice to "go over" a claimant's reporting responsibilities and provide written notice that if their situation changes, they are required to report the change within ten days.  (Tr. 72).  Claimants also receive check "stuffers" put in envelopes every time there is a cost of living increase.  (Id.).  "Fault" is defined in 20 C.F.R. Section 416.552 as including "failure to furnish information which the individual knew or should have known was material"

07-70  Risner

(emphasis added), so the testimony regarding the SSA's normal notification practices is relevant.[1]

The plaintiff's testimony that she thought the money was only to take care of the injury to her arm, elicited by some highly leading questions from her attorney (Tr. 62-3), is not particularly persuasive in light of the fact that she was also receiving a medical card (Tr. 66). The plaintiff also asserts that there is no evidence that she was using the money for anything but basic necessities such as food, clothing, and shelter. This would be relevant to a determination that recovery of the overpayment would either defeat the general purposes of the Social Security Act or be against equity and good conscience if she met the threshold requirement of showing she was "without fault." Sierakowski, 504 F.2d at 836. 20 C.F.R. Section 416.553(a) defines situations which defeat the general purposes of the Act as those situations in which "the individual's income and resources are needed for ordinary and necessary living expenses" set out in Section 404.505(a). Even assuming for the sake of argument that she was without fault, the plaintiff did not provide any information concerning her living expenses. The statement in the plaintiff's brief that "there is no existence of a car or some other use of the money that would have been extreme or overboard" evades the fact that it is the plaintiff's burden to show

---

[1] The Sixth Circuit considered the presence of "stuffers" to be a factor in showing a claimant's fault in Morgan v. Finch, 423 F.2d 551, 553 (6th Cir. 1970). The Court held that Morgan was not without fault in accepting overpayments even though he had notified the Administration of additional income on one occasion.

4

07-70  Risner

that recovery would deprive her of ordinary and necessary living expenses.  Pliley
v. Sullivan, 892 F.2d 35, 39 (6th Cir. 1989).  Likewise, she produced no evidence
under Section 416.554 that she had changed her position for the worse or
relinquished some valuable right such that recovery would be "against equity and
good conscience."  Id.

In summary, although the ALJ's decision was based on an erroneous finding
regarding the plaintiff's admissions, the evidence is still sufficient to support the
administrative determination that the plaintiff was not without fault, and a remand
would serve no useful purpose.

The decision will be affirmed.

This the 15th day of February, 2008.



**Signed By:**

**G. Wix Unthank**

**United States Senior Judge**

5